# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| DANIEL LOPEZ-RAMIREZ, | : | |
| Petitioner, | : | Case No. 3:10CV00182 |
| vs. | : | District Judge Timothy S. Black |
| | | Magistrate Judge Sharon L. Ovington |
| SHELBY COUNTY JAIL, | : | |
| | : | |
| Respondent. | : | |
| | : | |

## REPORT AND RECOMMENDATION[1]

### I.  INTRODUCTION

Petitioner brings this case *pro se* seeking a writ of habeas corpus under 28 U.S.C. §2254.  The case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b) and the Dayton General Order of Reference.

This case is before the Court for preliminary review of the Petition pursuant to Rule 4 of the Rules Governing §2254 Cases.  Rule 4 instructs, in part, "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

the petitioner." *See Brooks v. Capello*, 2009 WL 1010978 at *1 (W.D. Mich. 2009) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970)(district court has the duty to "screen out" petitions that lack merit on their face).

## II. BACKGROUND

Petitioner explains:

> I was arrested for using the personal identification of another. At my arraignment at the Sidney Municipal Court, I was granted an own recognizance bond. I was not released from the local jail because I had an ICE holder placed in my file. Because I had been released from the custody of the State, I was then transported to a holding center near Cincinnati to prepare for my deportation. However, the Shelby County Prosecutor asked the Municipal Court to reconsider my bond, which he did. I was therefore transported back to the Shelby County Jail, had a preliminary hearing, and was later indicted on these charges.

In explaining why he did not exhaust his state remedies Petitioner asserts:

> It is my understanding that once I was released on an own recognizance bond I became a federal detainee due to the ICE holder. I was transported to a federal holding area to prepare for deportation. That being said, I did not appeal to the state court because I believe that Court has no jurisdiction over this matter because I am a federal detainee. (Doc. # 1-2 at 5).

In his Petition, Petitioner states: "I have not yet been convicted or sentenced. I am a federal detainee and the state court has no jurisdiction to hold me at this time." (Doc. #1-2).

## III. ANALYSIS

Petitioner contends that because he is a federal detainee with an ICE detainer, the State of Ohio is without jurisdiction to prosecute him. Unfortunately for Petitioner, this contention lacks merit. Under the doctrine of dual sovereignty, prosecution by a State

does not bar Federal prosecution even for the same offense and vice versa. *United States v. Wheeler*, 435 U.S. 313, 316-17, 55 L. Ed. 2d 303, 98 S. Ct. 1079 (1978);*Bartkus v. Illinois*, 359 U.S. 121, 132-33, 3 L. Ed. 2d 684, 79 S. Ct. 676 (1959); *United States v. Holmes*, 111 F.3d 463, 467 (6th Cir. 1997). Under the dual sovereignty doctrine, one act may be considered two distinct offenses; "an act denounced as a crime by both national and state sovereignties is an offense against the peace and dignity of both and may be punished by each." *United States v. Lanza*, 260 U.S. 377, 382, 43 S.Ct. 141, 142, 67 L. Ed. 314 (1922).

Moreover, Petitioner concedes that he has not been convicted of any state offense. It is well-settled that a state defendant with federal constitutional claims is required to first fairly present those claims to the state courts for consideration because of the equal obligation of the state courts to protect constitutional rights of criminal defendants, and in order to prevent needless friction between state and federal courts. *See Anderson v. Harless*, 459 U.S. 4, 6, 103 S. Ct. 276, 74 L. Ed. 2d 3 (1982) (per curiam); *Picard v. Connor*, 404 U.S. 270, 275-76, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971). To fulfill the exhaustion requirement "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," which, in Ohio, includes discretionary review in the state's highest court, the Ohio Supreme Court. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999). *See also Hafley v. Sowders*, 902 F.2d

480, 483 (6th Cir. 1990); *Leroy v. Marshall*, 757 F.2d 94, 97, 99-100 (6th Cir.), *cert. denied*, 474 U.S. 831, 106 S. Ct. 99, 88 L. Ed. 2d 80 (1985).

Petitioner has not exhausted or attempted to exhaust his claims in the Ohio courts. As such, this case should be dismissed without prejudice as unexhausted. Petitioner's Motion to Appoint Counsel (Doc. # 2) should also be denied. The conclusion that Petitioner's Petition is unexhausted is not debatable among jurists of reason. Consequently, a certificate of appealability should not issue.

## IT IS THEREFORE RECOMMENDED THAT:

1. Daniel Lopez-Ramirez's Petition for Writ of Habeas Corpus (Doc. #1) be DISMISSED without prejudice as unexhausted;

2. Petitioner's Motion to Appoint Counsel (Doc. # 2) be DENIED;

3. A certificate of appealability under 28 U.S.C. §2253(c) not issue; and

4. The case be terminated on the docket of this Court.

May 27, 2010

                                              s/Sharon L. Ovington
                                                Sharon L. Ovington
                                        United States Magistrate Judge

# NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).